IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JOYCE LORETTA REID,

    Plaintiff

v.                                              C.A.NO. _____

KMART-SEARS HOLDINGS MANAGEMENT CORP.,

    Defendant

## C O M P L A I N T

Plaintiff hereby files her complaint and states as follows:

### JURISDICTION & VENUE

1.

This action is brought by Plaintiff pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000(e) et seq., as amended, and 29 U.S.C. 621-634, the Age Discrimination Act of 1967; and the Americans With Disabilities Act, 42 U.S.C. 12101, at seq., and the Rehabilitation Act, 29 U.S.C. 794 § 504

2.

Jurisdiction is invoked under 42 U.S.C. §§ 1331, 1343, 1367, 1983, 1988 and 2000(e)

3.

Jurisdiction of this Court is invoked to secure redress for deprivation of rights secured by Title VII; the Age Discrimination Act, and the Americans With Disabilities Act.

4.

Venue in this Court is proper as the Plaintiff is a citizen and resident of Georgia and the Defendant does business in the State of Georgia with all actors residing in or doing business in

the Northern District of Georgia and Defendant committed the unlawful practices and the deprivation of constitutional and statutory rights in the Northern District of Georgia.

## PARTIES

5.

Plaintiff JOYCE LORETTA REID is a citizen of the United States and resides in the Northern District of Georgia.

6.

Defendant KMART-SEARS HOLDINGS MANAGEMENT CORPORATION, is an employer within the meaning of Title VII of the Civil Rights Act of 1964, the Age Discrimination Act and the Americans With Disabilities Act and Defendant is located within the jurisdiction of this Court.

7.

The Defendant acted through its agents and employees, including Donald Buckner, store manager at 5239 Turner Lake Road, Covington GA and Michael Little, the District Manager for Defendant.  The Defendant is liable for the acts of its agents and employees and the Defendant knew or should have known the actions of its agents and employees were discriminatory, harassing and retaliatory, yet they failed to take proper remedial action.

## STATEMENT OF FACTUAL ALLEGATIONS

8.

Joyce Loretta Reid, a female, began her 33 year employment with KMART October, 1977; and continued working for its various successor corporate entities until she was terminated

from her position as Assistant Store Manager by KMart-Sears Holdings Management Corporation on December 1, 2010.

9.

On or about April 13, 2011 a timely charge of age, disability, sex and race discrimination and harassment was filed with the Equal Employment Opportunity Commission (EEOC) alleging violations of Title VII by the Defendant.

10.

On or about April 15, 2014, Plaintiff received her right to sue letter from the EEOC.

11.

This action is brought within ninety days of Plaintiff's receipt of the EEOC right to sue letter. All conditions precedent to the filing of this lawsuit have been fulfilled.

## COUNT I (TITLE VII DISCRIMINATION)

12.

Plaintiff incorporates herein by reference paragraphs 1 through 11 of this complaint.

13.

At her job Plaintiff has been subjected to sex discrimination and racial discrimination and subjected to a hostile working environment, by the agents of the Defendant, acting in concert, which culminated in her firing on December 1, 2010.

14.

On or about April 8, 2008, Plaintiff had knee surgery for a torn meniscus and was on medical leave for three months.

15.

When Plaintiff returned from surgery Plaintiff was put on a Performance Improvement Plan (PIP) for the first time by Don Buckner.  PIP is a disciplinary measure,designed t lead to her firing that was unwarranted and unjustified and was based on racial and sexual discrimination as well as age and disability discrimination.

16.

Plaintiff immediately orally complained about being put on PIP and was immediately taken off.

17.

On or about April 1, 2011, Plaintiff took medical leave for plantisfacitis, an infection in both feet for which I took approximately two months leave.

18.

At the time of this leave Plaintiff was and had been an exemplary employee according to Defendant's own records.

19.

On or about April 10, 2011 Plaintiff came off leave and returned back to work and was immediately put on PIP again.  Plaintiff complained again that this was unwarranted and unjustified to put her on PIP after medical leave but this time  Plaintiff remained on PIP.  After returning to work this time Plaintiff was treated like a maid.

20.

The PIP was punitive in nature and was based on disability, age, racial and sexual discrimination in that no other similarly situated personnel were subjected to such action.

21.

The PIP it was a punitive write up that was put in her personnel file without any prior warning or write-ups and without any factual basis.

22.

This PIP stayed in place until Plaintiff was terminated on December 1, 2010; at such time she was the Assistant Store Manager for the Covington KMART, owned and operated by Defendant; 10 months short of full retirement, having acquired 88 points of the 90 required points for full retirement.

23.

Plaintiff was discriminated against and was a victim of disparate treatment by virtue of the following: (a) placing her under a PIP without any factual or legal justification; (b) micro managing her work from that point; © placing false letters of reprimand in her personnel file; (d) increasing her work load and otherwise creating a hostile working environment, and finally (e) terminating her.

24.

The acts alleged above constitute a violation of Title VII of the Civil Rights Act of 1964, as amended.

25.

Accordingly, Plaintiff is entitled to lost income, back pay, lost benefits, loss of full time retirement, compensatory and punitive damages and attorney's fees, costs and other damages.

## COUNT III (UNLAWFUL TERMINATION)

26.

Plaintiff incorporates herein by reference paragraphs 1 through 25 of this complaint.

27.

On or about December 1, 2010, Plaintiff was terminated on the spot by Store Manager Don Buckner and escorted from the store because her store area was "not up to par."

28.

The firing alleged above was based on sex, race and age discrimination and constitutes a violation of Title VII of the Civil Rights Act of 1964, as amended.

29.

Accordingly Plaintiff is entitled to lost income, back pay, lost benefits, loss of full time retirement, compensatory and punitive damages and attorney's fees, costs and other damages.

## COUNT III (AGE DISCRIMINATION)

30.

Plaintiff incorporates herein by reference paragraphs 1 through 29 of this complaint.

31.

Plaintiff age was 55 at the time she was fired and her age was the motivating reason she was fired, and, this firing violated the Age Discrimination Act of 1967, 29 U.S.C. 621-634.

32.

By firing her on 12/1/2010, the Defendant deprived her of a full retirement at age 56, which she would have accrued in 10 more months.

33.

Accordingly Plaintiff is entitled to lost income, back pay, lost benefits, loss of full time retirement, compensatory and punitive damages and attorney's fees, costs and other damages.

## COUNT IV (DISABILITY DISCRIMINATION)

34.

Plaintiff incorporates herein by reference paragraphs 1 through 33 of this complaint.

35.

Plaintiff 's disability was the motivating reason for firing her, and, this firing violated the Americans With Disabilities Act, 42 U.S.C. 12101, at seq., and the Rehabilitation Act, 29 U.S.C. 794 § 504.

36.

Accordingly Plaintiff is entitled to lost income, back pay, lost benefits, loss of full time retirement, compensatory and punitive damages and attorney's fees, costs and other damages.

## PRAYER FOR RELIEF

WHEREFORE, as a result of the violations by Defendant, Plaintiff requests the following relief:

(A) That judgment be entered against the Defendant;

(B) General, compensatory and actual damages;

(C) Back pay, front pay, lost benefits and lost pension, and out of pocket expenses;

(D) Punitive damages in an appropriate amount because of the intentional and aggravated nature of the Defendant's conduct and to deter future abuses;

(E) For reasonable attorney's fees and costs of prosecuting this action;

(E) That Plaintiff have a trial by a jury;

(F) For such other and further relief as the court deems just and proper.


/S/ J.M. RAFFAUF
J.M. Raffauf
Ga. Bar # 591762
Attorney for Plaintiff
248 Washington Avenue
Marietta GA 30060
404-452-6390
Raffaufmike@gmail.com


/S/ JERRY WILSON
JERRY WILSON
Ga. Bar # 768610
Attorney for Plaintiff
P.O.Box 971
Redan GA 30074